

**NUMBERS 13-17-00068-CR &**
**13-17-00069-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DAVID TYRONE THOMAS,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

**On appeal from the 105th District Court**
**of Kleberg County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Appellant David Tyrone Thomas was charged by indictment with tampering with evidence and evading arrest. *See* TEX. PENAL CODE ANN. §§ 37.09, 38.04 (West, Westlaw through 2017 1st C.S.). The State's indictment further alleged that Thomas was a habitual felony offender, having been previously convicted of three felony offenses: (1)

possession of a controlled substance, (2) possession with intent to distribute cocaine, and (3) attempted sexual assault. *See id.* § 12.42. Thomas pleaded guilty to the charged offenses and pleaded true to the three prior felony convictions alleged in the State's indictment. The trial court accepted Thomas's pleas, deferred an adjudication of guilt, and placed him on community supervision for eight years.

Thereafter, the State filed a motion to revoke community supervision and to adjudicate guilt in both cases. The State's motion to revoke alleged that Thomas engaged in the following conduct in violation of the conditions of his community supervision: (1) "[he] committed the offense of Public Intoxication on or about August 17, 2016 in Kleberg County, Texas, in violation of Condition H of [c]ommunity [s]upervision"; (2) [he] failed to report within 48 hours, the arrest on August 17, 2016 to the Supervision Officer, in violation of Condition N-10 of community supervision"; (3) "[he] failed to observe a daily curfew from 9:00 pm to 6:00 am and was arrested at 11:00 pm on August 17, 2016 in violation of Condition N2 of [c]ommunity [s]upervision"; and (4) "[he] failed to abide by zero tolerance supervision in violation of condition R of community supervision."

Thomas pleaded true to all four allegations in the State's motion to revoke, and the trial court revoked Thomas's community supervision. The trial court then sentenced him as a habitual felony offender to twenty-five years in prison for tampering with evidence and twenty years in prison for evading arrest. *See id.* The trial court ordered that the sentences run concurrently. These appeals followed.

Thomas's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, Thomas's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated.  *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Thomas's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.  Thomas's counsel has also informed this Court that counsel has (1) notified him that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided him with copies of both pleadings; (3) informed him of his rights to file a pro se response, to review the record preparatory to filing that response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided him with a form motion for pro se access to the appellate record with instructions to file the motion in this Court.  *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re*

*Schulman*, 252 S.W.3d at 409 n.23. Thomas has filed a pro se response raising seventeen issues.[1] The State has filed a reply to Thomas's pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief and an appellant's pro se response, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the entire record, Thomas's counsel's *Anders* brief, Thomas's pro se response, and the State's reply to Thomas's response, we find nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Thomas's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)). The seventeen issues, which we take directly from Thomas's pro se response, are as follows: (1) "the reporter's record shows error"; (2) the habitual felony offender statute violates the Eighth Amendment to the United States Constitution; (3) "pretrial motions filed by [Thomas] raised issues of due process"; (4) "insufficient evidence to support conviction/information of revoke"; (5) "fatally defective indictment"; (6) "original plea was not supported by sufficient evidence"; (7) "ineffective assistance of counsel"; (8) "void/invalid enhancements"; (9) "void/invalid sentence/conviction"; (10) "wrongful statu[t]es"; (11) "violation of civil rights"; (12) "court failed to assist in discovery, providing inadmissible evidence"; (13) "prosecution overzealous"; (14) "out of time indictment"; (15) "unjustified revocation for mentally impaired"; (16) "wrongful testimony"; and (17) "assassination of character."

S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Thomas and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

**/s/ Rogelio Valdez**
Rogelio Valdez
Chief Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of December, 2017.

---

[2] No substitute counsel will be appointed. If Thomas seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.